**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 010-118 (WOB-JGW)**

**WILLIAM ARNOLD, ET AL**                                              **PLAINTIFFS**

**VS.**                            **MEMORANDUM OPINION
                                      AND ORDER**

**WERNER ENTERPRISES, INC., ET AL**                          **DEFENDANTS**


On November 22, 2010, oral argument was held on the motion of defendants, Werner Enterprises, Inc. and Sheila Clay Smith, to dismiss this action for lack of personal jurisdiction, or for lack of proper venue or, in the alternative, to transfer venue (Doc. #8).

Jeri Barclay Poppe represented the plaintiffs; Gene F. Zipperle, Jr. represented the defendants. Joan Averdick, official court reporter, recorded the proceedings.

Defendants' motions are not well-taken. For the reasons stated below, the defendants' motions are denied.

### 1. Personal Jurisdiction

In the instant case, plaintiffs argue that the court has general jurisdiction over defendant Werner Enterprises even though the alleged negligence giving rise to plaintiffs' claims occurred outside the boundaries of the Commonwealth of Kentucky. "When a district court acts on a defendant's motion to dismiss for lack of personal jurisdiction, without having had an

evidentiary hearing, the plaintiff only needs to make a prima facie showing of jurisdiction to avoid the motion." *Kentucky Speedway, LLC v. National Ass'n of Stock Car Auto Racing, Inc.*, 410 F. Supp. 2d 592, 598 (E.D. Ky. 2006)(citing *Chrysler Corp. V. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003)).

"In a case of general jurisdiction, [if] a defendant's contacts with the forum state are of . . . a 'continuous and systematic' nature . . . the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)). "However, the burden to establish general jurisdiction is quite high and generally requires the existence of '**an office in the forum state' or other physical presence**." *Ford v. RDI/Caesars Riverboat Casino, LLC*, 503 F. Supp. 2d 839, 843 (W.D. Ky. 2007) (citing *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n. 3 (9th Cir. 1993)) (emphasis added).

That burden has been met here. It was clearly established at oral argument that Werner maintains a continuous and systematic presence in Kentucky by virtue of employing approximately twenty people, predominantly in two locations, Scottsville and Richmond. While defendant argues that it does

not own or lease any realty in Kentucky, Werner does admit to employing individuals at these two locations on a permanent basis at the offices of corporate clients with whom Werner maintains an exclusive business arrangement for the transportation of goods. Werner's trucks, it was admitted, make numerous runs per day to the two large distribution centers it serves on its Kentucky customers.

Thus, Werner's contacts with the Commonwealth of Kentucky are continuous, systematic and substantial enough to grant the court general personal jurisdiction without offending notions of due process. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

The court agrees with the reasoning in *Estate of Rick v. Stevens*, 145 F. Supp. 2d 1026 (N.D. Iowa 2001), which also upheld a finding of general jurisdiction over a truck company, which had less substantial contacts with the forum state than the present defendant, which maintains two offices here, albeit on borrowed or leased premises.

## 2. Lack of Proper Venue

Venue is proper under 28 U.S.C. §§ 1441 and 1446, because the case was properly removed by the defendants from the Gallatin County, Kentucky Circuit Court. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir. 2002).

### 3. Motion to Transfer under 28 U.S.C. § 1404(a)

Although the defendants filed this motion to transfer, pursuant to 28 U.S.C. § 1404(a), the primary factor of which is the convenience of the parties and witnesses,[1] defendants' counsel was totally unprepared to argue this motion.  When asked by the court whether liability would be admitted or liability witnesses would be required, counsel disingenuously replied that (although the case was filed in the state court over six months ago) he did not "know enough about the facts of the case" to reach an opinion on liability.  (Transcript, p.18).  The court then asked "[w]hy don't you know enough about the facts?"  Counsel replied "[w]ell, your Honor, we've just gotten sued so long ago, and nobody's completed discovery in this at all because we removed it immediately so we don't know."  (Transcript, p.18).  The court notes that the accident occurred on May 12, 2009 and the case was filed in state court on May 11, 2010.  When offered an opportunity to advise the court within thirty days whether liability would be admitted, thus dispensing with liability witnesses, counsel stated: "Your Honor, there's absolutely no way we can deny liability in 30 days, unless we take everybody's deposition in 30 days, and I can tell you with my schedule and the Christmas holidays and Thanksgiving, there's absolutely no way -- ."  (Transcript, p.18).

---

[1] "The most important factor in this case is the convenience of the witnesses."  (Defendants' brief, p. 16).

Therefore, since counsel was not prepared to support his own motion and showed no interest in exercising due diligence to support that motion, and the plaintiff advised the court that there were numerous damages and medical witnesses located in the locality of the forum, and the case has already been pending over six months, the motion to transfer under 28 U.S.C. § 1404(a) will be denied.

The implication of defendants' counsel that he has not been provided with an investigation file by his client or its insurer in this serious case defies belief.  If accurate, it indicates a cavalier, unprofessional attitude by counsel and/or his client toward this litigation, the plaintiffs and the court, as evidenced by counsel's remarks quoted above.  It should not be necessary to "take everybody's deposition" to make the liability determination but merely to look at the investigation file which counsel undoubtedly has or could obtain.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1)  That the motion of defendants for an extension of time in which to file a reply (Doc. #12) be, and it hereby is, **GRANTED**;

(2) That the motion of defendants to dismiss for lack of jurisdiction and improper venue or to transfer to a more convenient venue (Doc. #8) be, and it hereby is, **DENIED**;

(3)  That discovery shall be completed **six (6) months**  from

the date of this order and shall begin forthwith;

(4) Not later than **December 31, 2010**, the defendants shall file their Answer herein, admitting or denying liability, which will be construed under Fed. R. Civ. P. 11 by the court and, if liability is denied, shall state with particularity the reasons therefor; and

(5) That the court anticipates a trial in the Summer of 2011, and the parties shall govern themselves accordingly.

This 29th day of November, 2010.



Signed By:
William O. Bertelsman
United States District Judge

TIC:   16 Min.